UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CLARENCE D. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SHADY GROVE ADVENTIST<br>HOSPITAL, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)  13-12584-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

On November 5, 2013, the Court issued an order directing plaintiff Clarence Johnson to demonstrate good cause why this action should not be dismissed. The November 5 order explained that although plaintiff sought to assert a medical malpractice claim, the Court could not discern the alleged facts of such a claim from the complaint. In addition, the complaint failed to identify a cause of action under federal law, and to the extent plaintiff sought to invoke this court's diversity jurisdiction, the complaint failed to allege that the amount in controversy exceeds $75,000.

On November 13, 2013, plaintiff filed a show-cause response. On December 4, 2013, he filed three one-page motions seeking appointment of counsel, discovery, and a temporary restraining order. As to the latter, plaintiff seeks to have the court issue a "stay away" order "for the purpose of continued violence from this Administration and all other in all of [plaintiff's] civil cases illegal cell phone bugging . . . ." See Docket No. 11.

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any

person unable to afford counsel." 28 U.S.C. §1915(e)(1).  To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991).  Here, because this action will be dismissed, for the reasons that follow, the Court declines to appoint counsel for plaintiff.

Plaintiff's show-cause response does not cure the deficiencies found in the original complaint.  The complaint, even as supplemented by the response, fails to state a claim against the defendants.  To the extent the show-cause response can be treated as an amended complaint, the allegations are not set forth in any organized or intelligible fashion.  Although the complaint alleges that the amount in controversy exceeds over $75,000, there does not appear to be any grounds for a reasonable, good-faith basis to believe that any recovery could exceed that amount.  In summary, the Court finds that plaintiff has failed to demonstrate why this action should not be dismissed.   The show cause-response is insufficient to permit this action to proceed, and no further opportunity to amend or show cause is necessary or appropriate.

Accordingly, in accordance with this Court's order dated November 5, 2013, plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), this action is hereby DISMISSED.  The pending motions are DENIED.
**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  January 6, 2014